Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2791 | **DATE** | 5/15/2002 |
| **CASE TITLE** | James Wayne Pertinen, et al vs. Shannon N. Swick, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion for Summary Judgment on Count II of the Complaint is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 16 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 15 2002


Judge Harry D. Leinenweber
U.S. District Court

JAMES WAYNE PERTINEN and VICKI PERTINEN,

    Plaintiff,

v.

SHANNON N. SWICK, NORANETTE P. SWICK and RICHARD SWICK,

    Defendants.

Case No. 00 C 2791

Hon. Harry D. Leinenweber

DOCKETED
MAY 1 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs James and Vicki Pertinen ("Plaintiffs") filed a three-count complaint based on diversity jurisdiction against Defendants Shannon, Noranette and Richard Swick ("Defendants") alleging negligence (Count I) and negligent entrustment (Count II). Plaintiffs previously dismissed Count III voluntarily. Before the Court is Defendants' Motion for Summary Judgment as to Count II of Plaintiffs' complaint pursuant to FED.R.CIV.P. 56.

## BACKGROUND

On May 18, 1998, cars driven by James Pertinen and Shannon Swick, a minor at the time of the accident, collided at the intersection of Woodfield Road and Meacham Road in Schaumburg, Illinois. Plaintiffs allege that Shannon Swick was using a cellular phone when the accident occurred. Defendants Noranette Swick and Richard Swick are Shannon's parents and the owners of the



vehicle Shannon was driving at the time of the accident. The negligent entrustment claim against Noranette and Richard Swick is premised on the allegation that they entrusted their daughter with both a cellular phone and a vehicle, implicitly authorized her to use the cellular phone while operating the vehicle, and knew from at least one previous incident that Shannon was an inexperienced and reckless driver. The Swicks deny that Shannon was known to be a reckless or incompetent driver and assert that she was clearly instructed to use the cellular phone only for emergencies and never while operating the vehicle. Defendants now move for summary judgment on the claim of negligent entrustment.

## **MOTION FOR SUMMARY JUDGMENT**

### *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material

fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence [offered by the nonmoving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

## DISCUSSION

In Illinois, an action for negligent entrustment consists of "entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." *Zedella v. Gibson*, 165 Ill.2d 181, 185, 650 N.E.2d 1000, 1002 (Ill. 1995). A car is considered a dangerous article and one may be liable for negligently entrusting an automobile to another who the lender knows or should know is incompetent, inexperienced, or reckless. *Id.* at 1003. Illinois courts focus on two primary considerations in a negligent entrustment action: (1) Whether the owner entrusted his car to an incompetent or unfit driver, and (2) Whether the

incompetency was a proximate cause of the accident. *See Taitt v. Robinson*, 266 Ill.App.3d 130, 132, 639 N.E.2d 893, 895 (5th Dist. 1994).

The record indicates that Shannon Swick was a licensed driver when her parents entrusted the vehicle to her. Although she was involved in an accident prior to this one, Plaintiffs concede that Shannon was not cited for any traffic violation in connection with this earlier accident. Plaintiffs point to no other evidence in the record that would allow a jury reasonably to conclude that Noranette and Richard Swick knew or should have known that they had entrusted their car to an incompetent or unfit driver. The billing record for Shannon's cellular phone does indicate that it was used for more than just emergencies. The bill also indicates that the phone was used several times in the minutes leading up to the accident, including a call from Noranette to Shannon Swick. These facts may go toward establishing Shannon's negligence in operating the vehicle on that day. However, under Illinois law, telephone records indicating that the cellular phone was used regularly do not, absent some other evidence indicating incompetence or recklessness, provide a basis from which a reasonable jury could conclude that the Swicks knowingly entrusted their car to an incompetent or unfit driver. *Zedella*, 650 N.E.2d at 1004.

Finally, Plaintiffs request that the Court postpone ruling on this motion until certain subpoenaed documents are produced. While

the Court has the discretionary power to continue the motion pursuant to FED.R.CIV.P. 56(f), the specified documents (additional cellular phone billing statements and documents relating to family visits to the dentist's office) would not alter the outcome of the current motion. Plaintiffs' request for a continuance pursuant to Rule 56(f) is therefore denied.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment on Count II of the Complaint is GRANTED.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: May 15, 2002